Federal Public Defender
District of Arizona
Cary Sandman (AZ No. 004779)
Mridula S. Raman (NY No. 5103528)
Assistant Federal Public Defenders
407 W. Congress St., Suite 501
Tucson, Arizona 85701-1310
cary_sandman@fd.org
mridula_raman@fd.org
Tel: 520.879.7622
Facsimile: 520.622.6844

Counsel for Petitioner Juan Raul Navarro Ramirez

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

7:18-cv-386

| | |
|---|---|
| Juan Raul Navarro Ramirez, | Misc. Action No. 7:15-MC-1759 |
| Petitioner, | |
| vs. | **Motion to Stay Federal Habeas Proceedings by Petitioner Juan Raul Navarro Ramirez** |
| William Stephens, et al., | |
| Respondents. | Capital Case |

Petitioner Juan Raul Navarro Ramirez, through counsel, hereby moves the Court to stay his federal habeas proceedings until the Texas Court of Criminal Appeals rules on his pending state-court appeal. The Court has discretion to stay these proceedings, and due to the serious nature of the convictions and sentences in this case, the complexity of the issues at stake, and the need for conservation of judicial and counsel resources, a stay should be entered until the state-court proceedings are resolved.

1

**I.     This Court has discretion to temporarily stay these proceedings, and it is in the interests of justice to do so.**

This Court retains the discretion to stay federal proceedings, even in cases affected by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines v. Weber*, 544 U.S. 269, 276 (2005); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 880 n.6 (1998) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)) (stating that the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). Here, a stay would be an equitable remedy that furthers the interests of judicial economy, the resources of counsel for both parties, and the public interest in the fair administration of justice.

Moreover, a limited stay in this case serves interests advanced by AEDPA—comity and judicial economy—without unduly delaying proceedings. First, a stay would allow the Texas state courts to decide Ramirez's claims in the first instance. *See, e.g., Rhines*, 544 U.S. at 276–77 (noting that AEDPA "encourages" petitioners to raise claims in state court before raising them in federal court). Second, a stay promotes judicial economy by avoiding parallel proceedings in state and federal court, including litigation of related issues. Certainly, the state appellate court's ruling in this case will affect the claims litigated in the federal proceedings, and the need for evidentiary development of those claims. And, any state-court relief could moot some or all of the claims that are currently pending before this Court. In addition, if the state court rules on merits of Ramirez's claims, he will have additional time available under the 28 U.S.C. § 2244(d) statute of limitations in which to develop and raise claims before this Court. Consequently, this Court should temporarily stay these federal proceedings to allow Ramirez to litigate these

meritorious claims—claims which he had no opportunity to raise earlier—in state court.

## II.  The facts in this case support the need for a stay of the proceedings.

In 2015, Ramirez's state-court counsel filed a Chapter 64 motion for post-conviction DNA testing in the state district court. (Ch. 64 Mot., *Ex Parte Ramirez*, No. CR-0551-04-G, (370th Jud. Dist. Ct. Oct. 23, 2015).) During the pendency of the Chapter 64 DNA proceedings, Ramirez's federal habeas statute of limitations was tolled. *Hutson v. Quarterman*, 508 F.3d 236, 240 (5th Cir. 2007)("This court concludes that a motion to test DNA evidence under Texas Code of Criminal Procedure article 64 constitutes "other collateral review" and thus tolls the AEDPA's one-year limitations period under 28 U.S.C. § 2244(d)(1)). Following additional briefing by both parties in the Chapter 64 proceeding, the court entered an order denying the motion. (Order, *Ex Parte Ramirez*, No. CR-0551-04-G, (370th Jud. Dist. Ct. June 7, 2017).) However, the court filed the order under an incorrect case number, and also failed to serve Ramirez's counsel with the order. Accordingly, both state and federal counsel for Ramirez were unaware of this ruling, as was counsel for Respondents in this matter. (*See* Email from Respondents, attached as Exhibit A.) Although federal counsel was diligent in checking the state-court docket weekly for an order, because the order was filed in the wrong case number and served to incorrect email addresses, nothing appeared to alert counsel to the ruling. Accordingly, no notice of appeal was timely filed. (*See* Affidavit of Kim Diulus, attached as Exhibit C.)

When counsel for Respondents learned of the ruling and sent it to Ramirez's federal counsel in October 2018, counsel acted immediately to remedy the effects of the court's errors. After the state court was notified as to the problems with service and notice of its earlier ruling, the state court then issued a superseding order on October 31, 2018, that was properly filed and served. (*See Ex Parte Ramirez*, No. CR-0551-04-G, Superseding Order Den. Pet'r's Mot. for Forensic DNA Testing

3

Under Chapter 64 of the Code of Criminal Procedure (370th Jud. Dist. Ct. Oct. 31, 2018) (finding that Ramirez's state-court counsel had not been notified of a prior dispositive order and that the order had been filed under an incorrect case number)) (attached as Exhibit B). Ramirez's state-court counsel has now timely appealed that denial (Not. of Appeal, *Ex Parte Ramirez*, No. CR-0551-04-G, (370th Jud. Dist. Dt. Nov. 9, 2018)), and designated the record on appeal (Designation of Clerk's Record (370th Jud. Dist. Ct. Nov. 19, 2018)). That appeal is currently pending before the Texas Court of Criminal Appeals.

Due to the actions of the lower state court in ruling on his DNA motion, Ramirez is unsure at this time whether the 28 U.S.C. § 2244(d) statute of limitations is stayed due to the ongoing state-court litigation, running at this time based on the court's October 31, 2018, superseding order, or expired. *See, Huston, supra*. Due to this uncertainty, Ramirez's counsel filed a federal habeas petition with supporting exhibits on November 30, 2018 (ECF No. 24), just thirty days after the superseding order was filed, to demonstrate continued diligence in pursuing relief. However, as discussed above, both the claims and the evidence presented in Ramirez's federal proceedings may change or be mooted by the outcome of the pending state appeal. Accordingly, it is in the best interests of the parties and the Court to stay these proceedings until the state appellate court has ruled on Ramirez's appeal.

///

///

4

1

**III.    Conclusion**

For the preceding reasons, Ramirez respectfully requests that the Court grant his motion to stay these proceedings until the state courts have decided the pending appeal.

Respectfully submitted this 21st day of December, 2018.

JON M. SANDS
Federal Public Defender
Cary Sandman
Mridula Raman
Assistant Federal Public Defenders

/s/*Cary Sandman*
Cary Sandman
Attorney-in-Charge
Arizona Bar No. 004779
*Pro Hac Vice*
407 W. Congress, Suite 501
Tucson, Arizona  85701
Tel. 520.879.7622
Fax 520.622.6844

5

1

**CERTIFICATE OF SERVICE**

2

    I hereby certify that on this 21st day of December, 2018, I electronically

3

transmitted the attached document to the Clerk's office using the CM/ECF System

4

for filing, and served a copy of the foregoing upon the Offices of the Texas Attorney

5

General, by United States Postal Service, at the following address:

6

7

Jennifer Morris

8

Assistant Attorney General
Office of the Attorney General

9

Capital Writ Section

10

P.O. Box 12548
Austin, TX  78711-2548

11

12

13

By: /s/ Tamelyn McNeill

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

# EXHIBIT A

| | |
|---|---|
| **From:** | Morris, Jennifer |
| **To:** | Cary Sandman |
| **Cc:** | Jon Sands; Mridula Raman |
| **Subject:** | Juan Raul Navarro Ramirez: order denying motion for DNA testing |
| **Date:** | Thursday, October 25, 2018 11:56:24 AM |
| **Attachments:** | Ramirez Order Denying DNA Motion - after hearing - signed.pdf |

Mr. Sandman:

I have attached the state district court's June 7, 2017 order denying Ramirez's motion for DNA testing.

Have you seen this order and, if so, do you know when?

Best,

Jenny

EXHIBIT B

Electronically Filed
10/31/2018 3:53 PM
Hidalgo County District Clerks
Reviewed By: Alexandra Gomez

### Cause No. CR-0551-04-G

| | | |
|---|---|---|
| Ex parte | § | In the District Court |
| | § | |
| Juan Raul Navarro Ramirez, | § | 370th Judicial District |
| | § | |
| Petitioner | § | Hidalgo County, Texas |

---

## SUPERSEDING ORDER DENYING PETITIONER'S MOTION FOR FORENSIC DNA TESTING UNDER CHAPTER 64 OF THE CODE OF CRIMINAL PROCEDURE

---

Having considered the Defendant's Motion for Forensic DNA Testing Under Chapter 64 of the Code of Criminal Procedure and the State's Response thereto, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. The Petitioner was convicted of Capital Murder and after the jury answered "yes" to the future dangerousness and the anti-parties special issues and "no" to the mitigation special issue, this Court sentenced Petitioner to death.

2. On December 12, 2007, the Court of Criminal Appeals handed down an unpublished opinion affirming Applicant's conviction and death sentence as to Count One, reversing the conviction as to Count Two on the ground of double jeopardy, and vacating the judgment as to said count. See Ramirez v. State, No. AP-75,167, 2007 Tex. Crim. App. Unpub. LEXIS 610 (Dec. 12, 2007).

Electronically Filed
10/31/2018 3:53 PM
Hidalgo County District Clerks
Reviewed By: Alexandra Gomez

3. On July 2, 2009, the Petitioner filed an application for a writ of habeas corpus under Article 11.071 of the Texas Code of Criminal Procedure challenging the legality of his conviction.

4. On January 20, 2015, this Court entered Findings of Fact, Conclusions of Law, and a Recommendation that habeas relief be denied.

5. On October 14, 2015, the Court of Criminal Appeals denied Petitioner's application for writ of Habeas Corpus

6. On October 21, 2015, the Petitioner filed a motion for forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure.

7. This court finds the affidavit provided by Marciel Bocanegra as exhibit 6 of petitioner's motion is not credible.   testimony from an accomplice that exonerates a defendant without exposing the accomplice to further criminal liability is to be viewed with suspicion.   *Drew v State*, 743S.W.2d 207, 288 (Tex Crim. App. 1987).

8. This court also finds that the claim that Petitioner's confession was false was not supported by an assertion that proves Petitioner's confession was actually false rather than a showing that some minority defendant's have given false confessions.   This court finds that petitioner has failed to prove that *his* confession was false and as such for purpose of this motion the court does not hold that the confession was false.

2

Electronically Filed
10/31/2018 3:53 PM
Hidalgo County District Clerks
Reviewed By: Alexandra Gomez

9. Ms. Gutierrez testified that she did not recognize either State's exhibit 211 or State exhibit 215 as the mask worn by petitioner. 31 R.R. 82-85.

10. This Court signed an order denying Petitioner's motion on June 7, 2017. The Hidalgo County District Clerk attempted service through the Texas E-file System on March 13, 2018.  This Court finds that while notice was attempted through the Texas E-File System on March 13, 2018 by the Hidalgo County District Clerk, such notice did not reach Petitioner's attorneys of record Jeremy Schepers and Erin Eckhoff. Upon review of the digital envelope it appears the email addresses for Mr. Schepers and Ms. Eckhoff were misspelled.  The envelop shows that Order was sent and does not show that the order was returned undelivered.  However, the order was also never opened by petitioner and the email addresses appear incorrect[1]. This Court finds that Petitioner's attorneys were not properly notified that the motion had been denied.

11. The order was incorrectly filed in the public docket under case number CR-0551-04-G(1). It was not filed in the public docket for CR-0551-04-G, the correct cause number, until sometime after October 23, 2018.

---

[1] Mr. Schepers's email address misspells his surname as "Scheppers" and Ms. Eckhoff's email address misspells her surname as "Erkoff."

Electronically Filed
10/31/2018 3:53 PM
Hidalgo County District Clerks
Reviewed By: Alexandra Gomez

## CONCLUSIONS OF LAW

1. A motion may request forensic DNA testing only of evidence that (1) was not previously subjected to DNA testing, or (2) although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test. *See* TEX. CODE CRIM. PROC. art. 64.01(b) (2012).

2. In light of the significant evidence of the Petitioner's guilt, the Petitioner has not shown that he would not have been convicted based upon the results of additional forensic DNA testing. Article 64.03 requires a convicted person to establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. TEX. CODE CRIM. PROC. art. 64.03(a)(2)(A) (2012). Exculpatory results that would merely "muddy the waters" are insufficient to show that the defendant would not have been convicted. *Kutzner v. State*, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002). Given the testimony at trial that neither State's exhibit 211, nor State exhibit 215 was the mask worn by the Petitioner, exculpatory results on said exhibits cannot prove by a preponderance of the evidence that petitioner would not have been convicted. Further, Applicant has failed to establish that the individual he is alleged to be must have been wearing

4

Electronically Filed
10/31/2018 3:53 PM
Hidalgo County District Clerks
Reviewed By: Alexandra Gomez

either State's exhibit 211 or State exhibit 215.  Three individuals entered the little residence and only two masks were recovered.  Applicant has failed to make the requisite showing to require further DNA testing under Chapter 64 of the Code of Criminal Procedure.

3. Actual notice must be made on a party so that their rights can be preserved; because Petitioner did not receive notice of the prior order, this Court is issuing a superseding Order so as to allow the Petitioner an opportunity to appeal the denial of his Chapter 64 Motion.

## ORDER

The defendant's motion for forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure is DENIED.

Having denied defendant's motion for forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure the State is not required to deliver the alleged evidence to this court.

The Clerk of this Court is ORDERED to provide copies of this Order to petitioner and the State.

SIGNED FOR ENTRY this _1st_ day of _November_, 2018.

_____
Judge Noe Gonzalez
370th District Court
Hidalgo County, Texas

5

# EXHIBIT C

## AFFIDAVIT OF KIM DIULUS

**I, Kim Diulus, declare under penalty of perjury the following to be true to the best of my information and belief:**

1.  I am a paralegal with the Federal Public Defender's Office for the District of Arizona ("FPD").

2.  I was assigned to Juan Raul Navarro Ramirez's federal habeas corpus case in 2015 upon the FPD's appointment by the United States District Court for the Southern District of Texas.

3.  My duties as a paralegal with the FPD include obtaining case files from previous counsel and assembling, summarizing, and organizing a complete record.

4.  In addition to the duties outlined above, in 2016 I was tasked at the request of FPD counsel with the weekly monitoring of the status of Mr. Ramirez's Motion for Post-conviction DNA Testing ("Chapter 64 motion") filed on October 23, 2015 in the 370th Judicial District Court Hidalgo County, cause number CR-0551-04-G.

5.  I searched Mr. Ramirez's cause number on the Hidalgo County website criminal records section at https://pa.co.hidalgo.tx.us/Search.aspx?ID=100 regularly, usually not less than on a weekly basis, to see if there was any change in the status of the Chapter 64 motion. Upon completion of each search, I emailed FPD counsel to confirm that the Chapter 64 motion was still pending before this Court. (*See* Exhibit C-1 (emails to FPD counsel).) Two of these emails postdating June 2017 include a snapshot of the Hidalgo County docket for Mr. Ramirez's case. (Ex. C-1 at 1, 4.)

6.  On Monday, October 22, 2018, I checked the status of Mr. Ramirez's case and observed that the most recent docketed item was a proposed order filed on March 10, 2017 by the State of Texas. (*See* Exhibit C-2 (Diulus internet search history).)

7.  On October 25, 2018, I was notified by FPD counsel that they had received information from the Assistant Attorney General assigned to Mr. Ramirez's federal habeas case showing that Mr. Ramirez's Chapter 64 motion was denied on June 7, 2017. After I received this information, I visited the Hidalgo County website and observed that both the order denying the Chapter 64 motion and a notice of service, dated March 27, 2018, had been posted to the website since my check of the website on October 22, 2018.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 30ᵗʰ of October, 2018.

_____
Signature

_____
Witness

Page 1 of 1

# EXHIBIT C-1

| From: | Kim Diulus/AZF/09/FDO |
|---|---|
| To: | Cary Sandman/AZF/09/FDO; Mridula Raman/AZF/09/FDO; Erin Land/AZF/09/FDO; Lamont Williams/AZF/09/FDO; Andrew Sowards/AZF/09/FDO; Tamelyn McNeill/AZF/09/FDO |
| Subject: | Ramirez, Juan - no change in his docket as of today |
| Date: | Monday, July 24, 2017 7:52:00 AM |

|  |  |
|---|---|
|  | SPOKE TO KIM DIULUS I WILL BE SENDING HER A COPY OF CASE |
| 03/02/2016 | Order Setting Hearing, Signed |
|  | ON MOTION POST CONVICTION DNA TESTING SET FOR 4/11/2016 |
| 03/03/2016 | Notice |
|  | ORDER SETTING HEARING ESERVED ON ALL COUNSELS- |
| 04/11/2016 | Order Signed |
|  | TO PROVIDE COUNSEL FOR MR. RAMIREZ WITH ALL COPIES OF |
| 04/11/2016 | Clerk's Entry |
|  | COPIES OF ALL SEALED DOCUMENTS PROVIDED TO MR. RAMIRE |
| 04/28/2016 | Notice |
|  | NOTICE OF INTENT TO FILE SUPPLEMENTAL BRIEFING REGARDI |
| 05/27/2016 | Motion |
|  | SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR POST-CON |
| 03/10/2017 | Proposed Order |

http://pa.co.hidalgo.tx.us/CaseDetail.aspx?CaseID=1066282

1

| From: | Kim Diulus/AZF/09/FDO |
|-------|------------------------|
| To: | Cary Sandman/AZF/09/FDO; Mridula Raman/AZF/09/FDO |
| Cc: | Lamont Williams/AZF/09/FDO; Erin Land/AZF/09/FDO; Andrew Sowards/AZF/09/FDO; Tamelyn McNeill/AZF/09/FDO |
| Subject: | Ramirez |
| Date: | Monday, July 31, 2017 7:43:00 AM |

No change on State Court docket re: DNA motion
No additional cases under *Hutson v. Quarterman*

| | |
|---|---|
| **From:** | Kim Diulus/AZF/09/FDO |
| **To:** | Cary Sandman/AZF/09/FDO; Mridula Raman/AZF/09/FDO |
| **Subject:** | Ramirez - no change to docket or to Hutson v. Quarterman case EOM |
| **Date:** | Monday, August 7, 2017 7:26:00 AM |

3

From:      Kim Diuhn/AZF/09/FDO
To:        Cary Sandman/AZF/09/FDO; Mdlvla Raman/AZF/09/FDO; Erin Land/AZF/09/FDO; Lamont Williams/AZF/09/FDO; Andrew Sowards/AZF/09/FDO; Tamelyn McNeil/AZF/09/FDO
Subject:   Ramirez, Juan - No Change on docket; No additional cases citing Hutson v. Quarterman
Date:      Wednesday, August 23, 2017 2:20:00 PM

| | |
|---|---|
| | COPY TO MR DIUGUST WILL BE SENDING HER A COPY OF CASE SUMMARY FOR SPECIF THIS RELEASE COPIES |
| 03/02/2016 | Order Setting Hearing, Signed |
| | ON MOTION POST CONVICTION DNA TESTING SET FOR 4/11/2016 @ 8:30 A.M. |
| 03/03/2016 | Notice |
| | ORDER SETTING HEARING ESERVED ON ALL COUNSELS- |
| 04/11/2016 | Order Signed |
| | TO PROVIDE COUNSEL FOR MR. RAMIREZ WITH ALL COPIES OF ALL DOCUMENTS THAT WERE FILED UNDER SEAL PERTAINING TO THIS CAUSE NUMBER AND |
| 04/11/2016 | Clerk's Entry |
| | COPIES OF ALL SEALED DOCUMENTS PROVIDED TO MR. RAMIREZ'S COUNSEL AS PER COURT ORDER SIGNED BY JUDGE NOE GONZALEZ-COPIES GIVEN TO |
| 04/26/2016 | Notice |
| | NOTICE OF INTENT TO FILE SUPPLEMENTAL BRIEFING REGARDING MR.RAMIREZ'S CHAPTER 64 MOTION FOR POST- CONVICTION DNA TESTING |
| 05/27/2016 | Motion |
| | SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR POST-CONVICTION DNA TESTING FILED BY ATTY ERIN M. ECKHOFF |
| 03/10/2017 | Proposed Order |

http://pa.co.hidalgo.tx.us/CaseDetail.aspx?CaseID=1066282

4

| | |
|---|---|
| **From:** | Kim Diulus/AZF/09/FDO |
| **To:** | Cary Sandman/AZF/09/FDO; Mridula Raman/AZF/09/FDO |
| **Subject:** | Ramirez, Jaun - no change to docket or Hutson v. Quarterman research EOM |
| **Date:** | Tuesday, September 5, 2017 12:51:00 PM |

| | |
|---|---|
| **From:** | Kim Diulus/AZF/09/FDO |
| **To:** | Cary Sandman/AZF/09/FDO; Mridula Raman/AZF/09/FDO |
| **Subject:** | Ramirez, Jaun - no change to docket or Hutson v. Quarterman research EOM |
| **Date:** | Monday, September 18, 2017 11:10:00 AM |

| From: | Kim Diulus/AZF/09/FDO |
|---|---|
| To: | Cary Sandman/AZF/09/FDO; Mridula Raman/AZF/09/FDO |
| Subject: | Ramirez - no change to docket or Hutson cases EOM |
| Date: | Tuesday, October 10, 2017 9:56:00 AM |

| | |
|---|---|
| **From:** | Kim Diulus/AZF/09/FDO |
| **To:** | Mridula Raman/AZF/09/FDO |
| **Subject:** | No changes in docket or Hutson case for Ramirez EOM |
| **Date:** | Monday, October 30, 2017 7:45:00 AM |

8

| | |
|---|---|
| From: | Kim Diulus/AZF/09/FDQ |
| To: | Cary Sandman/AZF/09/FDQ; Mridula Raman/AZF/09/FDQ |
| Subject: | Ramirez docket no change; no change on Hutson case EOM |
| Date: | Monday, November 6, 2017 8:00:00 AM |

| | |
|---|---|
| **From:** | Kim Diulus/AZF/09/FDO |
| **To:** | Mridula Raman/AZF/09/FDO |
| **Subject:** | Ramirez - no change to docket or Hutson cited cases EOM |
| **Date:** | Monday, November 13, 2017 9:48:00 AM |

10

| From: | Kim Diulus/AZF/09/FDO |
|---|---|
| To: | Cary Sandman/AZF/09/FDO; Mridula Raman/AZF/09/FDO |
| Subject: | Ramirez - no change in state court docket or Hutson case EOM |
| Date: | Monday, November 27, 2017 8:46:00 AM |

| | |
|---|---|
| **From:** | Kim Diulus/AZF/09/FDO |
| **To:** | Cary Sandman/AZF/09/FDO; Mridula Raman/AZF/09/FDO |
| **Subject:** | Ramirez - no change in docket or action on Hutson case EOM |
| **Date:** | Monday, December 4, 2017 10:19:00 AM |

**From:** Kim Diulus
**To:** Cary Sandman; Mridula Raman
**Subject:** Ramirez - no change in state court docket; no new cases citing Hutson EOM
**Date:** Monday, December 11, 2017 8:46:00 AM

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no change to state court docket or cases citing Hutson EOM |
| **Date:** | Tuesday, January 2, 2018 10:56:00 AM |

| From: | Kim Diulus |
| --- | --- |
| To: | Cary Sandman; Mridula Raman |
| Subject: | Ramirez - no change to state court docket, no additional cases citing to Hutson EOM |
| Date: | Monday, January 8, 2018 11:19:00 AM |

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no change to state court docket, no additional cases citing to Hutson EOM |
| **Date:** | Tuesday, January 16, 2018 9:08:00 AM |

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no change on state court docket; no cases citing Hutson EOM |
| **Date:** | Monday, January 29, 2018 3:55:00 PM |

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no change to state court docket, no additional cases citing to Hutson EOM |
| **Date:** | Monday, February 12, 2018 10:44:00 AM |

**From:**      Kim Diulus
**To:**        Cary Sandman; Mridula Raman
**Subject:**   Ramirez - No change to state court docket or to cases citing Hutson EOM
**Date:**      Wednesday, February 21, 2018 1:23:00 PM

**From:** Kim Diulus
**To:** Cary Sandman; Mridula Raman
**Subject:** Ramirez - No change to state court docket; no new cases citing Huston EOM
**Date:** Monday, February 26, 2018 7:22:00 AM

| From: | Kim Diulus |
|---|---|
| To: | Cary Sandman; Mridula Raman |
| Subject: | Ramirez - Nothing new on the state court docket, no additional cases citing Hutson EOM |
| Date: | Monday, March 5, 2018 7:24:00 AM |

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no change to state court docket; no cases citing Hutson EOM |
| **Date:** | Monday, March 12, 2018 7:48:00 AM |

| | |
|---|---|
| **From:** | <u>Kim Diulus</u> |
| **To:** | <u>Cary Sandman</u>; <u>Mridula Raman</u> |
| **Subject:** | Ramirez - no change to state court docket; no new cases citing Hutson EOM |
| **Date:** | Monday, March 19, 2018 8:25:00 AM |

| | |
|---|---|
| **From:** | Kim Djulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no change to state court docket, no new cases citing Hutson EOM |
| **Date:** | Monday, March 26, 2018 8:22:00 AM |

24

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez, Juan - No change to state court docket; no new cases citing Hutson EOM |
| **Date:** | Monday, April 2, 2018 11:49:00 AM |

| | |
|---|---|
| **From:** | Kim Djulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no change to state court docket; no new cases citing Hutson EOM |
| **Date:** | Monday, April 9, 2018 9:45:00 AM |

**From:** Kim Diulus
**To:** Cary Sandman; Mridula Raman
**Subject:** Ramirez - no change to state court docket; no new cases citing Hutson EOM
**Date:** Monday, April 16, 2018 7:24:00 AM

| From: | Kim Diulus |
|---|---|
| To: | Cary Sandman; Mridula Raman |
| Subject: | Ramirez - no chg to state court docket; no additional cases citing Hutson EOM |
| Date: | Monday, April 23, 2018 9:53:00 AM |

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no change to state court docket; no new cases citing Hutson EOM |
| **Date:** | Monday, May 7, 2018 7:22:00 AM |

| From: | Kim Diulus |
| To: | Cary Sandman; Mridula Raman |
| Subject: | Ramirez - no change to state court docket; no new cases citing Hutson EOM |
| Date: | Monday, May 14, 2018 8:02:00 AM |

| From: | Kim Diulus |
|---|---|
| To: | Cary Sandman; Mridula Raman |
| Subject: | Ramirez - no change to state court docket; no new cases citing Hutson EOM |
| Date: | Monday, May 14, 2018 8:02:00 AM |

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no change to state court docket; no new cases citing Hutson EOM |
| **Date:** | Tuesday, May 29, 2018 6:53:00 AM |

| From: | Kim Diulus |
|-------|-----------|
| To: | Cary Sandman; Mridula Raman |
| Subject: | Ramirez - No changes to state court docket; no new cases citing Hutson EOM |
| Date: | Monday, June 4, 2018 7:59:00 AM |

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no change to state court docket; no new cases citing Hutson EOM |
| **Date:** | Wednesday, June 13, 2018 11:34:00 AM |

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no change to state court docket; no new cases citing Hutson EOM |
| **Date:** | Monday, June 18, 2018 2:35:00 PM |

**From:**      Kim Diulus
**To:**        Cary Sandman; Mridula Raman
**Subject:**   Ramirez - No change to state court docket; no new cases citing Hutson EOM
**Date:**      Monday, June 25, 2018 11:40:00 AM

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - No change to state court docket; no new cases citing Hutson EOM |
| **Date:** | Thursday, July 5, 2018 10:48:00 AM |

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no chg to state court docket; no new cases citing Hutson EOM |
| **Date:** | Monday, July 9, 2018 5:38:00 AM |

| From: | Kim Diulus |
|---|---|
| To: | Mridula Raman; Cary Sandman |
| Subject: | Ramirez - no chg to state court docket; no new cases citing Hutson EOM |
| Date: | Monday, July 16, 2018 7:16:00 AM |

**Kim Diulus**

| | |
|---|---|
| **From:** | Kim Diulus |
| **Sent:** | Monday, July 23, 2018 8:28 AM |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no change to state court docket; no new cases citing Hutson EOM |

**Kim Diulus**

| | |
|---|---|
| **From:** | Kim Diulus |
| **Sent:** | Monday, July 30, 2018 3:35 PM |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - No change to state court docket; no new cases citing Hutson EOM |

| | |
|---|---|
| **From:** | Kim Djulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez, Juan - no chg to state court docket; no new cases citing Hutson EOM |
| **Date:** | Monday, August 6, 2018 3:31:00 PM |

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez ~ no chg to state court docket; no new cases citing Hutson EOM |
| **Date:** | Monday, August 13, 2018 7:45:00 AM |

**Kim Diulus**

| | |
|---|---|
| **From:** | Kim Diulus |
| **Sent:** | Monday, August 27, 2018 7:51 AM |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez, Juan - no chg. to state court docket; no new cases citing Hutson EOM |

**Kim Diulus**

| | |
|---|---|
| **From:** | Kim Diulus |
| **Sent:** | Tuesday, September 4, 2018 8:09 AM |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez, Juan - no change to state court docket; no new cases citing Hutson EOM |

**From:**       Kim Djulus
**To:**         Cary Sandman; Mridula Raman
**Subject:**    Ramirez - no chg to state court docket, no new cases citing Hutson EOM
**Date:**       Monday, September 10, 2018 7:24:34 AM

**Kim Diulus**

| | |
|---|---|
| **From:** | Kim Diulus |
| **Sent:** | Monday, September 17, 2018 7:33 AM |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no chg in state court docket; no new cases citing Hutson EOM |

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no change to state court docket; no new cases citing Hutson EOM |
| **Date:** | Monday, September 24, 2018 7:39:20 AM |

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez - no change to state court docket; see attached case citing Hutson |
| **Date:** | Monday, October 1, 2018 7:30:21 AM |
| **Attachments:** | Crayton v Davis.pdf |

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez, Juan - no change in state court docket; no new cases citing Hutson EOM |
| **Date:** | Tuesday, October 9, 2018 10:07:12 AM |

| | |
|---|---|
| **From:** | Kim Djulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez No chgs to state court docket; no new cases citing Hutson EOM |
| **Date:** | Monday, October 15, 2018 7:26:28 AM |

| | |
|---|---|
| **From:** | Kim Diulus |
| **To:** | Cary Sandman; Mridula Raman |
| **Subject:** | Ramirez, Juan - no change to state court docket; no new cases citing Hutson EOM |
| **Date:** | Monday, October 22, 2018 7:47:14 AM |

# EXHIBIT C-2

