IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN RAUL NAVARRO RAMIREZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:18-cv-00386 |
| | § | |
| LORIE DAVIS, | § | **DEATH PENALTY CASE** |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT DAVIS' RESPONSE IN OPPOSITION TO
PETITIONER RAMIREZ'S MOTION FOR A STAY AND ABATEMENT
WITH BRIEF IN SUPPORT**

Juan Raul Navarro Ramirez was convicted of the capital murder of six individuals and was subsequently sentenced to die. Following unsuccessful direct appeal and state habeas proceedings, Ramirez filed a federal habeas petition with this Court pursuant to 28 U.S.C. §§ 2254 and 2241. ECF 24. This petition raised both exhausted and unexhausted claims. Subsequently, Ramirez filed a motion for a stay and abatement. ECF 38. In this motion, Ramirez asks the Court to grant a stay until the state appeal of a DNA motion filed pursuant to Chapter 64 of the Texas Code of Criminal Procedure is resolved. *Id.* Ramirez does not identify any claims contained within his petition that would be affected by the results of any hypothetical DNA testing. *Id.* Further, it appears that any claims that the DNA results would affect are all

unexhausted and procedurally defaulted, as well as plainly meritless. Consequently, any stay of these proceedings would constitute an abuse of this Court's discretion under *Rhines v. Weber,* 544 U.S. 269 (2005), and must be denied.

## ARGUMENT

### I.  Standard of Review.

In *Rhines*, the Supreme Court delineated the "limited circumstances" in which a federal habeas court has discretion to "stay and abate" federal proceedings to allow a petitioner to exhaust claims. 544 U.S. at 277. The Court held that a federal court has the authority to stay a mixed habeas petition and hold it in abeyance so that a petitioner can exhaust claims in state court. *Id*. Nonetheless, recognizing that stay and abeyance has the potential to undermine AEDPA's[1] objectives of reducing delay ("particularly in capital cases") and of encouraging prisoners to raise all claims in state court before seeking federal relief, the Court held that "stay and abeyance should be available only in limited circumstances." *Id*. at 276–77. Specifically, (1) the court must "determine[] there was good cause for the petitioner's failure to exhaust his claims first in state court;" (2) "the [] court would abuse its discretion if it were to grant him a stay when his unexhausted claims are

---

[1] The Anti-Terrorism and Effective Death Penalty Act of 1996.

plainly meritless;" (3) "[] courts should place reasonable time limits on a petitioner's trip to state court and back;" and (4) "if a petitioner engages in abusive litigation tactics or intentional delay, the [] court should not grant him a stay at all." *Id*. at 277–78.

## II. Ramirez's Pending State Proceedings Will Not Exhaust a Claim for Federal Review.

Ramirez's motion does not meet the *Rhines* requirements to qualify for a stay. First, he does not allege any claim will actually be exhausted as a result of the DNA motion. *See* ECF 24, 38. This is because under Texas law a Chapter 64 proceeding does not raise a claim for relief. *See generally* Tex. Code Crim. Pro. Art. 64. These proceedings are simply a method available to petitioners of developing evidence for use in a subsequent state habeas application. *Id.* The decision in a Chapter 64 motion cannot exhaust any claim, and therefore it would be improper to stay this proceeding during the pendency of an appeal in such a situation.

Arguably, although unrelated to the issue of exhaustion, the only factor that DNA testing would potentially relate to is the prejudice prong of the *Strickland* analysis on Ramirez's claims of IATC for failing to investigate exculpatory evidence. ECF 24 at 111, 123, 137, 248–251; *Strickland v. Washington*, 466 U.S. 668 (1984). But as explained below, even if Ramirez's appeal of the denial of his DNA motion is successful, and the DNA results are

3

what Ramirez deems favorable to his case, those results will not affect the resolution of his ineffective assistance of trial counsel (IATC) claims in this Court.

### III. Ramirez Cannot Show Good Cause for Any Failure to Exhaust and as Such Ramirez's Claims Are Plainly Meritless under *Rhines* Because the State Court Would Find Them Procedurally Barred.

Second, Ramirez does not provide any argument that would establish good cause for his failure to exhaust any of the unexhausted claims contained within his federal petition. He merely states that due to a clerical error in the state trial court the appeal of the Chapter 64 ruling was filed late. ECF 38 at 3–4. However, Ramirez failed to exhaust any claim relating to the results of a prospective DNA test by not raising them in his state application for writ of habeas corpus. Whether there was a clerical error in a subsequent proceeding is irrelevant to that failure. The factual and procedural history relied upon in Ramirez's DNA motion was known to him when his state writ was filed. Ramirez does not allege that the State withheld evidence, or that his state habeas counsel was ineffective for failing to request DNA testing earlier, or for failing to allege IATC with regard to the lack of DNA testing. *See generally* ECF 24.

Ramirez appears to acknowledge that he never presented a number of his claims in his initial state writ application. ECF 24 at 4–5. Although

4

Ramirez provides a generic list of excuses to procedural bar in federal court, he provides no analysis suggesting why these excuses are proper grounds in this case. *Id.* Ramirez also suggests that another solution for his procedural default is to permit discovery, expansion of the record, and to hold an evidentiary hearing. *Id.* at 5. However, Ramirez makes this statement without explaining how any evidence adduced via these avenues would relate to the procedural bar or adequately addressing the standard to entitle him to discovery.[2] *Id.*

Finally, Ramirez makes no argument that he meets the statutory requirements to present these claims in a subsequent writ under Texas law. *See* ECF 24, 38; Tex. Code Crim. Proc. art. 11.071, § 5. Instead, seemingly in an attempt to prospectively forestall the Texas Court of Criminal Appeal's (TCCA) determination that any additional state habeas applications are prohibited by the state abuse of the writ statute, in his list of possible excuses, Ramirez states that "any state court procedural rulings in this case are not independent and adequate state grounds to bar federal review." ECF 24 at 4.

---

[2] Consideration of new evidence in federal court is subject to the restrictions in 28 U.S.C. § 2254(e)(2). *See Pinholster*, 131 S. Ct. at 1401 ("Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief."). Consequently, new evidence cannot be considered if the petitioner "failed to develop the factual basis of a claim in State court proceedings." § 2254(e)(2). Therefore, AEDPA forecloses discovery or an evidentiary hearing on all of Ramirez's claims, including the procedurally defaulted claims.

Yet, again, Ramirez does not support this statement with any legal or factual analysis.

The Fifth Circuit has held that, if consideration of the merits of claims in a subsequent state habeas application would also be barred by the Texas abuse-of-the-writ doctrine, these claims are plainly meritless under the *Rhines* analysis. *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005). Thus, this Court is bound by Fifth Circuit precedent to deny a stay.[3]

## IV. Ramirez's Underlying Claims Are Plainly Meritless Even if Not Procedurally Barred in the State Court.

Even if Ramirez had demonstrated cause, and even if his claims were not plainly meritless by virtue of being prospectively procedurally defaulted in state court, Ramirez is still not entitled to a stay because his underlying claims regarding IATC fail regardless of their procedural defects.

### A. Law.

To render effective assistance, the Sixth Amendment requires counsel

---

[3] Even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *Id.* In such cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Should Ramirez eventually present a claim to the TCCA to satisfy the exhaustion requirement, that court would find those claims to be procedurally barred under the Texas abuse of the writ doctrine.

"to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997) (citing *Strickland*, 466 U.S. at 691); *see Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985); *Martin v. Maggio*, 711 F.2d 1273, 1280 (5th Cir. 1983).

With respect to counsel's duty to investigate, the Supreme Court has observed:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 690–91; *see Bell v. Lynaugh*, 828 F.2d 1085, 1088 (5th Cir. 1987); *Lowenfield v. Phelps*, 817 F.2d 285, 290 (5th Cir. 1987).

The reasonableness of an attorney's investigation must be determined by considering not only the evidence already known to counsel, but also whether such evidence would lead a reasonable attorney to investigate further. *Wiggins v. Smith,* 539 U.S. 510, 526–27 (2003).

### B. Application.

Relative to this response, Ramirez alleges that his counsel was ineffective for failing to investigate evidence relating to the guilt/innocence phase of the trial. ECF 24 at 111, 123, 137, 248–251.

Specifically, on the deficiency prong, Ramirez suggests that counsel was ineffective for failing to investigate and request DNA testing of the hat found at the scene. *Id.* However, counsel was aware of the existence of the hat, and made the decision not to request DNA testing. Therefore, in the absence of anything to rebut the presumption of reasonable strategy, it must be presumed that counsel's failure to continue to investigate was a decision based upon trial strategy, and therefore owed full deference. *See Wiggins,* 539 U.S. at 526–527. Counsel may have discarded the idea of DNA testing in order to avoid the possibility that the results of such testing would further implicate Ramirez. Ramirez fails to establish the first *Strickland* factor of deficiency; therefore, a prejudice analysis is neither necessary, nor appropriate.

Finally, assuming Ramirez could demonstrate deficiency on the part of his trial counsel, and even if the testing revealed that Ramirez's DNA was not on the hat, that information alone cannot prove his innocence. Thus, DNA results cannot prove his counsel's actions prejudiced his trial, or that but for counsel's errors, the result of the proceeding would be different. *See Strickland,*

8

466 U.S. at 693–94. Even considered collaterally, the results of possible DNA testing will not affect the analysis of any claim.

## V. Ramirez Has Been Dilatory in Pursuit of His Claims.

All of Ramirez's instant claims are based on facts that were known and available to Ramirez at, or before, the time of his state habeas review, or could have been discovered at that time through the use of due diligence. Thus, all of these claims could have been presented in his initial state habeas application. In light of this, the Court should be reticent to give Ramirez another bite at the apple. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Rhines*, 544 U.S. at 277. One of AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Another is to encourage petitioners to first seek relief in state court prior to filing a petition in federal court. *Rhines*, 544 U.S. at 276. The issuance of a stay has the potential to undermine these twin purposes by frustrating "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and undermining "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id*.

at 277. And it is no secret that "capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of a sentence of death." *Id*. at 277–78. Accordingly, the Director contends that a stay is unnecessary, and requests that Ramirez's motion to delay these proceedings be denied.

## CONCLUSION

For the foregoing reasons, the Director asks that the Court deny a stay or abatement.

                                                    Respectfully submitted,

                                                   KEN PAXTON
                                                   Attorney General of Texas

                                                   JEFFREY C. MATEER
                                                   First Assistant Attorney General

                                                   EDWARD L. MARSHALL
                                                   Chief, Criminal Appeals Division

                                                   ADRIENNE MCFARLAND
                                                   Deputy Attorney General
                                                   for Criminal Justice

                                                   s/ Rachel L. Patton
\*Attorney-in-charge                      \*RACHEL L. PATTON
                                                   Assistant Attorney General
                                                   Texas Bar No. 24039030
                                                   Southern District Bar No. 3120286

                                                   P. O. Box 12548, Capitol Station
                                                   Austin, Texas 78711
                                                   Tel: (512) 936-1400

Fax: (512) 320-8132
Email: rachel.patton@oag.texas.gov

ATTORNEYS FOR RESPONDENT

# CERTIFICATE OF SERVICE

I do hereby certify that on January 25, 2019, I electronically filed the foregoing pleading with the Clerk of the Court for the United States District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following counsel of record, who consented in writing to accept the Notice as service of this document by electronic means:

Cary Sandman
Federal Public Defender
407 W. Congress, Suite 50
Tucson, Arizona 85719
cary_sandman@fd.org

Jon M. Sands
Federal Public Defender
850 W. Adams Street
Phoenix, Arizona 85007
jon_sands@fd.org

Mridula Raman
Federal Public Defender
850 W. Adams Street
Phoenix, Arizona 85007
mridula_raman@fd.org

s/ Rachel L. Patton
RACHEL L. PATTON
Assistant Attorney General