United States District Court
Southern District of Texas
**ENTERED**
July 22, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JUAN RAUL NAVARRO RAMIREZ, § | |
| Petitioner, § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:18-CV-386 |
| § | |
| LORIE DAVIS, Director, Texas Department § | |
| of Criminal Justice, Correctional Institutions § | |
| Division, § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Petitioner Juan Raul Navarro Ramirez, a Texas death row inmate represented by counsel, initiated this action pursuant to 28 U.S.C. § 2254 by filing a federal habeas corpus petition on November 30, 2018. (Docket No. 24.) Pending before the Court is Petitioner's Motion to Stay Federal Habeas Proceedings. (Docket No. 38.) Petitioner asks for these proceedings to be held in abeyance during ongoing litigation in Texas state courts regarding his post-conviction request for DNA testing. Respondent Lorie Davis opposes any stay and argues that Petitioner has not shown that he has met the standards required for abating federal habeas corpus proceedings. (Docket Entry No. 42). After carefully considering the pleadings and the applicable law, and for the reasons discussed below, the undersigned recommends that a stay should be granted pending the conclusion of the ongoing state court litigation.[1]

---

[1] The District Court referred this case to the undersigned pursuant to 28 U.S.C. § 636. In general, a magistrate judge may rule directly on non-dispositive matters but may make only recommendations as to dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A), (B); *see also Davidson v. Ga.-Pac., LLC*, 819 F.3d 758, 763 (5th Cir. 2016) (holding that a motion to remand is a dispositive matter on which a magistrate judge may make a recommendation but not an order of remand). Although the Fifth Circuit has yet to address whether a motion to stay a § 2254 proceeding is dispositive or non-dispositive, the Ninth Circuit has found that "'a motion to stay

## I. BACKGROUND

In December 2004, a Texas jury convicted Petitioner of two counts of capital murder. The jury's answers to Texas' special-issue questions resulted in a death sentence. On direct appeal, the Texas Court of Criminal Appeals affirmed the judgment and sentence of death on the first count but reversed the second on double-jeopardy grounds. *Ramirez v. State*, No. AP-75,167, 2007 WL 4375936 (Tex. Crim. App. 2007). The Supreme Court denied Ramirez's petition for writ of certiorari on October 6, 2008. *Navarro-Ramirez v. Texas*, 555 U.S. 831 (2008).

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), an inmate has one year after the conclusion of direct appeal to file a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). A "properly filed" application for state habeas corpus relief tolls the federal limitations period. 28 U.S.C. § 2244(d)(2). The AEDPA limitations period ran until Petitioner filed a state application for a writ of habeas corpus on July 2, 2009.[2] After receiving briefing from the parties, the trial judge entered findings of facts and conclusions of law recommending that relief be denied. On October 14, 2015, the Court of Criminal Appeals

---

and abey section 2254 proceedings' to exhaust claims 'is generally (but not always) dispositive of the unexhausted claims.'" *Bastidas v. Chappell*, 791 F.3d 1155, 1163 (9th Cir. 2015) (quoting *Mitchell v. Valenzuela*, 791 F.3d 1166, 1173-74 (9th Cir. 2015)). Here, Petitioner is not requesting a stay to exhaust claims, and an order denying his motion would not appear to be dispositive of any of his habeas claims. Moreover, granting his motion would not be dispositive as to any of his claims. *See Bullard v. Blue Hills Bank*, 135 S.Ct. 1686, 1694 (2015) (noting that "it is of course quite common for the finality of a decision to depend on which way the decision goes"). Nevertheless, in an abundance of caution, Petitioner's motion will be addressed by report and recommendation.

[2] State law requires the filing of a capital inmate's state habeas action during the pendency of direct appeal. TEX. CODE CRIM. PRO. art. 11.071, § 4. The original attorney appointed to represent Petitioner on state habeas review repeatedly sought extensions of time but was found in contempt of court when he never filed a habeas application. The Court of Criminal Appeals appointed a new attorney who filed the state habeas application. According to Petitioner's calculation, only ninety-seven days remained on the limitations period when he filed the state habeas application. (Docket No. 14 at 5.)

adopted the lower court's recommendation and denied relief. *Ex parte Ramirez*, No. WR 71,401-02, 2015 WL 6282336, at *1 (Tex. Crim. App. 2015).³ On that date, the one-year period for filing a federal habeas petition began running again.

A little over a week later, on October 23, 2015, Petitioner filed a Chapter 64 motion for post-conviction DNA testing in state district court. Chapter 64 of the Texas Code of Criminal Procedure authorizes a motion seeking forensic DNA testing of evidence that was in the possession of the State during trial but was either (1) not previously subjected to DNA testing or (2) "although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." TEX. CODE CRIM. PRO. art. 64.01(b)(2).

As Respondent has acknowledged, "a motion to test DNA evidence under Texas Code of Criminal Procedure article 64 . . . tolls the AEDPA's one-year limitations period under 28 U.S.C. § 2244(d)(1)."⁴ *Hutson v. Quarterman*, 508 F.3d 236, 240 (5th Cir. 2007); *see also Sanchez v. Thaler*, 366 F. App'x 494, 497 (5th Cir. 2010). Circumstances during Petitioner's Chapter 64

---

³ Petitioner also filed an "Amended Initial Application for a Writ of Habeas Corpus" raising new claims during his state habeas proceedings. Because Petitioner filed that document outside the statutory deadline for filing a habeas action, TEX. CODE CRIM. PRO. art. 11.071, §4, the Court of Criminal Appeals dismissed that pleading as an abuse of the writ. *Ex parte Ramirez*, No. WR 71,401-02, 2015 WL 6282336, at *1 (Tex. Crim. App. 2015).

⁴ Shortly after federal habeas counsel was appointed, Petitioner filed an Unopposed Motion for Declaration that Any Unexpired Portion of the Limitation Period Under 28 U.S.C. § 2244(d) is Currently Tolled by Statute. (Docket No. 14.) Because state habeas counsel had waited for some time before filing a state habeas application (*see supra* n.2), Petitioner asked for a declaration that the limitations period was tolled during his Chapter 64 proceedings. The motion was denied because "Petitioner [was] essentially requesting an advisory opinion from the Court." (Docket No. 20 at 2.) Although Respondent initially took "no position on the calculation of the unexpired portion of the limitation period" (Docket No. 14 at 5, n.3), the parties later stipulated that Petitioner's state court motion to test DNA evidence "constitutes an application for 'other collateral review' and thus tolls AEDPA's one-year limitation period under 28 U.S.C. § 2244(d)(1), as the Fifth Circuit held in *Hutson v. Quarterman*, 508 F.3d 236 (2007) (per curiam)." (Docket No. 22.)

3

litigation, however, raised concerns about the limitations period and led to Petitioner's filing of his federal habeas petition in November 2018.[5] Unknown to Petitioner, on June 7, 2017, the state trial court had denied his Chapter 64 motion. But the state trial court entered that order under an incorrect case number. The state trial court also failed to serve the order on Petitioner's state post-conviction attorney. Accordingly, Petitioner did not immediately file an appeal.

The state trial court subsequently became aware of the errors and entered a superseding order on October 21, 2018. The state trial court specified that its superseding order was intended "to allow the Petitioner an opportunity to appeal the denial of his Chapter 64 motion." (Docket No. 38, Exhibit B, at 5.) Petitioner has filed an appeal from the denial of Chapter 64 relief in the Texas Court of Criminal Appeals. Petitioner's appeal is currently pending.

Concerned that the AEDPA limitations period began running when the trial court denied his Chapter 64 motion, Petitioner promptly filed his federal petition. (Docket No. 24 at 1-2.) Because of the "unusual circumstances," Petitioner is "unsure at this time whether the 28 U.S.C. § 2244(d) statute of limitations is currently stayed due to ongoing state-court litigation, running at this time, or expired." (Docket No. 24 at 1.) Petitioner Ramirez filed his federal petition "to demonstrate continued diligence in pursuing relief." (Docket No. 38 at 4.) Under his calculation, he still has time left on the AEDPA limitations period if it has been tolled during the entire time since he filed his Chapter 64 motion.

On December 21, 2018, Petitioner filed the pending motion to stay. (Docket No. 38.)[6] Petitioner asks for this case to be held in abeyance while the Texas Court of Criminal Appeals

---

[5] The background of the circumstances surrounding Petitioner's decision to file his federal petition in 2018 are taken from Petitioner's pleadings. Respondent has not disputed the factual basis for those assertions.

[6] Petitioner initially filed the motion to stay under the previous miscellaneous cause number. (*Ramirez v. Stephens*, 7:15-mc-1759.)

decides the appeal from the denial of his Chapter 64 motion. Respondent has filed a response in opposition. (Docket No. 42). Petitioner has filed a reply. (Docket No. 45.) Petitioner's motion to stay is ripe for adjudication.

## II. ANALYSIS

As the Supreme Court has long recognized, "[d]istrict courts do ordinarily have authority to issue stays, see *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936), where such a stay would be a proper exercise of discretion, see *Clinton v. Jones,* 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)." *Rhines v. Weber*, 544 U.S. 269, 276 (2005); *see also Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998) (stating that the "district court clearly had authority to either abate or dismiss" a federal habeas petition). "AEDPA does not deprive district courts of that authority," *Rhines*, 544 U.S. at 276, even though it is intended "to eliminate delays in the federal habeas review process." *Holland v. Florida*, 560 U.S. 631, 648 (2010). A court, however, must be mindful of AEDPA's purpose in considering whether to pause federal litigation. *Rhines*, 544 U.S. at 276 (while the AEDPA does not deprive district courts of their "authority to issue stays," it does "circumscribe their discretion"). The Supreme Court has explicitly cautioned that an improper stay may cause unnecessary delay and discourage the timely exhaustion of remedies. *Id*.

In *Rhines*, "the Supreme Court held that a district court has discretion to stay a mixed petition [containing both exhausted and unexhausted claims] to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court." *Ruiz v. Quarterman*, 504 F.3d 523, 529 n.17 (5th Cir. 2007). Such a is available "only in limited circumstances" where (1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not "plainly meritless"; and (3) the

5

petitioner has not engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277.

Petitioner provides several arguments to justify holding federal habeas proceedings in abeyance until the state Chapter 64 proceeding has run its course. First, Petitioner argues that a stay would allow the state courts the first opportunity to decide any issues relating to the DNA material involved in his Chapter 64 action. Second, Petitioner asserts that waiting for the Court of Criminal Appeals to rule would promote judicial economy by eliminating the need for otherwise-superfluous litigation, including that relating to the limitations period. Relatedly, Petitioner hopes that allowing state litigation to proceed may moot some issues raised in his federal action. Finally, Petitioner argues that, if his Chapter 64 motion is properly filed, time remains on the AEDPA limitations period "to develop and raise claims . . .." (Docket No. 28 at 2.) Lastly, Petitioner assures that a stay would not encroach on the State's valid interest in finality because the state litigation should not be unduly lengthy.

Respondent, in turn, argues that a stay is improper because Petitioner has not met the requirements laid out in *Rhines*. (Docket No. 42.) Specifically, Respondent contends that that a stay is improper for several reasons: (1) Petitioner's Chapter 64 motion does not exhaust any claim he has raised in his federal petition; (2) Petitioner cannot demonstrate good cause because any future habeas claim arising from his Chapter 64 proceeding would be subject to a procedural bar; (3) any putative habeas claim based on DNA testing would be without merit; and (4) Petitioner has been dilatory because the underlying basis of any DNA-related habeas claim was available to him much earlier.

As Petitioner emphasizes in his reply brief, Respondent's arguments are misplaced because they assume—incorrectly—that the purpose of Petitioner's requested stay was to

6

exhaust claims in state court. (Docket No. 45 at 7-9.) "Petitioner has not requested a *Rhines* stay."[7] (*Id*. at 8.)

Rather, Petitioner filed his federal petition to insure compliance with AEDPA's limitations period, even though related litigation is ongoing in state court. In the interest of comity, federal courts generally will not adjudicate a federal habeas petition while inmates engage in state litigation. *See Deters v. Collins*, 985 F.2d 789, 797 (5th Cir. 1993) ("Because Deters' state appeal is still pending, we would have to ignore the doctrine of federal-state comity by disrupting that ongoing state process."); *see also Williams v. Bailey*, 463 F.2d 247, 248 (5th Cir. 1972) ("[F]ederal disruption of the state judicial appellate process would be an unseemly and uncalled for interference that comity between our dual system forbids.").

Under the circumstances here, there was good cause for Petitioner to file his federal habeas petition and then seek a stay until the ongoing state litigation is completed. Petitioner was faced with uncertainty about whether his Chapter 64 litigation continued to toll the AEDPA limitations period while he pursued an appeal of the state trial court's adverse ruling. That uncertainty was caused by the state trial court's acknowledged errors in filing and serving its order denying the motion for DNA testing. Petitioner chose to file his federal habeas petition rather than risk the possibility that it might later be found to have been time-barred because his appeal in state court was not timely filed (and thus no longer tolled the limitations period). But for the state court's errors, it would be undisputed that the AEDPA limitations period continues

---

[7] Respondent's briefing seems to assume that *Rhines* stands for the proposition that a stay of federal habeas proceedings is permissible only in the context of a mixed petition in which the petitioner seeks to return to state court to exhaust state claims. While it is true that *Rhines* was decided in that context, the Court did not address whether a stay of federal habeas proceedings may be warranted in other circumstances. As will be discussed above, the Court's reasoning in *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), suggests that *Rhines* did not limit a district court's discretionary stay authority to cases involving mixed petitions.

7

to be tolled during the pendency of Petitioner's appeal in the Chapter 64 litigation, and there would have been no need for Petitioner to have filed his federal petition when he did. *See supra* n.4.

The Supreme Court's ruling in *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), supports Petitioner's decision to file his federal habeas petition and then seek a stay. In *Pace*, the Supreme Court considered a "predicament" similar to that faced by Petitioner: how a petitioner should comply with the AEDPA limitations period in the face of uncertainty about whether his state litigation stopped the limitations period from running. Citing *Rhines*, the *Pace* Court observed that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.* at 416-17. A petitioner could address this predicament by "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Id*. Here, Petitioner followed the procedure recommended by the Supreme Court in *Pace*.

Respondent's opposition to a stay is rooted in concerns about the relationship between the federal and state litigation, highlighting alleged defects in substance or procedure as to the claims he is asserting in his federal petition. Respondent emphasizes that the DNA material involved in Petitioner's Chapter 64 action does not relate directly to any claim in the instant petition. Nevertheless, Petitioner did not intend his petition to be a final declaration of what issues he would litigate in federal court. Petitioner begins his petition with a "preliminary statement" explaining that the pleading is only an initial one which he "may seek to amend . . .." (Docket No. 24 at 2.) The Court of Criminal Appeals has recognized that Chapter 64 is a procedural vehicle for obtaining evidence "which might then be used in a state or federal habeas

proceeding." *Thacker v. State*, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005). The Court of Criminal Appeals may find that Petitioner's appeal is properly filed, allowing merits review of the trial court's denial of his Chapter 64 motion. Such a finding would likely mean that the AEDPA limitations period has not yet expired, possibly allowing time for Petitioner to engage in additional state litigation[8] or to seek amendment of his federal petition.[9] Under these circumstances, it is premature and unnecessary to rule on the substantive or procedural merits of any future federal claim while state litigation is pending.[10]

---

[8] The state courts will not consider any habeas action during the pendency of parallel proceedings in federal court unless the federal court issues a stay. *Ex parte Soffar*, 143 S.W.3d 804, 807 (Tex. Crim. App. 2004).

[9] Congress has established that a habeas petition "may be amended . . . as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Rule 15(c)(1)(B), Federal Rules of Civil Procedure, an amended pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The Supreme Court has construed this provision narrowly when applied to federal habeas corpus cases in which the AEDPA limitations period has expired. In that context, only those claims in an amended petition that are tied to "a common core of operative facts" will relate back to the original petition and will be considered timely filed. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Habeas claims do not relate back "when [they] assert[ ] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650. However, if time remains on the AEDPA limitations period, the relation-back issue is not present, and in determining whether to allow an amendment, a federal court considers factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation marks and alterations omitted); *see also Ramos v. Davis*, 653 F. App'x 359, 363 (5th Cir. 2016) (applying the factors described in *Marucci Sports* in the context of a motion to amend a § 2254 petition). In recognizing that a stay may affect Petitioner's ability to amend his federal petition, the undersigned expresses no opinion on whether or not any future motion to amend should be granted or whether any new claims would relate back to the original petition.

[10] In the context of a requested stay to exhaust claims asserted in a mixed petition, the Supreme Court stated in *Rhines* that a "district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless." 544 U.S. at 277. It is unclear how this requirement should be applied where (as here) the petitioner is seeking a stay to pursue state court litigation intended to develop evidence that might be used in his federal habeas proceeding. *See Thacker*, 177 S.W.3d at 927. In asserting that a stay is improper because

9

In opposing a stay, Respondent also argues that Petitioner "has been dilatory in pursuit of his claims." (Docket No. 42 at 9-10.) According to Respondent, Petitioner's habeas "claims are based on facts that were known and available" to him at the time of his state habeas review. (*Id*.at 9.) This argument is unpersuasive because it ignores that Petitioner's Chapter 64 litigation tolled the AEDPA limitations period and that Petitioner promptly filed both his state court appeal and this federal habeas action upon learning that the state district court had ruled on the motion for DNA testing (but failed to properly file or give notice of that ruling). Given that Petitioner's protectively-filed federal petition appears to be timely, he has not been dilatory regarding his motion to stay. Moreover, there is nothing to suggest that Petitioner is engaging in "abusive litigation tactics or intentional delay" in seeking a stay. *See Rhines*, 125 S.Ct. at 278.

In sum, given the state trial court's errors in filing and serving its ruling in the Chapter 64 litigation, there was good cause for Petitioner to file a protective federal habeas petition and then request a stay while he pursues an appeal in the ongoing state litigation. Particularly since the procedure followed by Petitioner is consistent with the Supreme Court's guidance in *Pace*, this action should be stayed during the pendency of state court litigation. Such a stay will further the interests of comity by allowing the state courts to decide the ongoing Chapter 64 litigation before this Court proceeds with federal habeas review. A decision by the state courts is also likely to serve the interest of judicial economy by (among other things) clarifying whether the Chapter 64 motion remained "properly filed" during Petitioner's appeal of the state trial court's ruling. *See*

---

Petitioner's "underlying claims are plainly meritless," Respondent argues that "the results of possible DNA testing will not affect the analysis" of any of Petitioner's federal habeas claims, including claims alleging ineffective assistance of counsel. (Docket No. 42 at 6-9). Assuming (without deciding) that Respondent's merits argument is addressing the right question in this context, the record and the issues are insufficiently developed for the Court to determine (as Respond urges) that Petitioner's habeas claims are "plainly meritless" regardless of what the requested DNA testing might show.

28 U.S.C. § 2244(d)(2). Finally, a stay should not unduly delay this federal habeas action since Petitioner's state court appeal has been proceeding for some time.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Petitioner's motion to stay (Docket No. 24) be GRANTED, that this case be STAYED and ADMINISTRATIVELY CLOSED, and that Petitioner be ORDERED to move to open this case within thirty (30) days after the conclusion of the state Chapter 64 litigation.

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to counsel for the parties, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on July 20, 2019.

Peter E. Ormsby
United States Magistrate Judge