United States District Court
Southern District of Texas
**ENTERED**
October 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JUAN RAUL NAVARRO RAMIREZ, § § Petitioner, § § VS. § BOBBY LUMPKIN, *et al.*, § § Respondents. § | CIVIL ACTION NO. 7:18-CV-0386 |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Petitioner Juan Raul Navarro Ramirez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which had been referred to the Magistrate Court for a report and recommendation. On May 31, 2024, the Magistrate Court issued the Report and Recommendation, recommending that Respondent's Motion for Summary Judgment be granted, that Petitioner's Cross-Motion for Summary Judgment be denied, that the Petition be denied, and that this action be dismissed. It was further recommended that a Certificate of Appealability be denied. Petitioner has filed timely objections to the Magistrate Court's Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(c), the Court has made a de novo determination of those portions of the report to which objections have been made. As to those portions to which no objections have been made, in accordance with Federal Rule of Civil Procedure 72(b), the Court has reviewed the report for clear error.[1] Having thus reviewed the record in this case, the parties'

---

[1] As noted by the Fifth Circuit, "[t]he advisory committee's note to Rule 72(b) states that, '[w]hen no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Douglas v. United States Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (quoting Fed. R. Civ. P. 72(b) advisory committee's note (1983)), *superseded by statute on other grounds by* 28 U.S.C. § 636(b)(1), *as stated in ACS Recovery Servs., Inc. v. Griffin*, No. 11-40446, 2012 WL 1071216, at *7 n. 5 (5th Cir. April 2, 2012).

filings, and the applicable law, the Court adopts the Report and Recommendation as amended in this order.

While the Court does adopt the Magistrate Court's finding on the issue of the timeliness of the instant petition, the Court also finds it necessary to address that specific issue in more detail.

Before filing his federal petition, but after the conclusion of state habeas review, Petitioner litigated several issues relating to DNA testing in a state court procedure. That kind of proceeding generally stops AEDPA's strict one-year statute of limitations period from accruing. The debate between Petitioner and Respondent originates in Petitioner's failure to receive notice that the state district court had denied his DNA motion. The state district court signed an order denying Petitioner's motion on June 7, 2017.[2] However, the state district court's e-filing system contained the wrong email addresses for his attorneys. The state district court never served a copy of the order on Petitioner's attorneys.[3]

Further complicating the problem, the state district court entered the order under the wrong docket number. "This resulted in the failure of the order to appear in the public, published court docket."[4] The state district court did not file the order on the public docket "until sometime after October 23, 2018."[5]

Petitioner's attorneys did not become aware of the trial court's order until "on or about October 25, 2018."[6] On November 1, 2018, the state district court entered a superseding order which recognized the failure to notify counsel of the earlier decision and reiterating its prior

---

[2] Dkt. No. 89-2 at 145.
[3] *Id.*
[4] Dkt. No. 103 at 8.
[5] Dkt. No. 89-2 at 145.
[6] Dkt. No. 103 at 9.

rulings.[7] The state district court explicitly said that "Petitioner's attorneys were not properly notified that the motion had been denied."[8]

Petitioner filed a notice of appeal on November 9, 2018.[9] Almost simultaneously, counsel filed a § 2254 petition in this Court.[10] The state court appeal proceeded without the State raising any objection that the notice of appeal was untimely. The Texas Court of Criminal Appeals entered an order affirming the state district court's order on May 5, 2021.[11]

Respondent argues that this petition is late under AEDPA's one-year limitations period. Respondent reasons that Petitioner had thirty days after the June 7, 2017, order to file a notice of appeal—even if Petitioner hadn't received notice of it. According to Respondent, the November 9, 2018, notice of appeal was late. Respondent contends that the superseding order issued on November 1, 2018, was without any legal effect because the district court had already lost jurisdiction.[12] Thus, Respondent argues that "the trial court's order dated November 1, 2018, has no lawful effect and does not resurrect the pendency of the Chapter 64 proceedings."[13] Respondent did not raise any of these issues in the state court proceeding. Here, Respondent does not offer any explanation for why these issues were not raised in the state court proceedings. Furthermore, Respondent does not discuss the district court's errors which prevented counsel from receiving timely notice of the June 7, 2017 order.

AEDPA requires state prisoners to file for federal habeas relief within a year of their conviction becoming final.[14] That limitations period is statutorily tolled during the pendency of a

---

[7] Dkt. No. 89-2 at 144-47.
[8] *Id*. at 145.
[9] *Id.* at 149-50.
[10] Dkt. No. 24 (Nov. 30, 2018).
[11] *Ramirez v. State*, 621 S.W.3d 711 (Tex. Crim. App. 2021).
[12] *See* Tex. R. App. R. 26.2(a) ("The notice of appeal must be filed: (1) 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order.").
[13] Dkt. No. 95 at 55.
[14] 28 U.S.C. § 2244(d)(1)(A).

"properly filed application for State post-conviction or other collateral review."[15] However, the Fifth Circuit has made clear that a petitioner is entitled to equitable tolling in a matter subject to the AEDPA limitations "if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[16] "Equitable tolling is a discretionary doctrine that turns on the facts and circumstances of a particular case."[17]

In this case, the "extraordinary circumstances" at issue involve the clerical errors made by the state district court. Thus, despite any argument raised by Respondents regarding the statutorily mandated untimeliness of this Petition, the Court finds that the state court's clerical errors constitute an extraordinary circumstance that stood in the way and prevented Petitioner from timely filing the instant matter.[18] Further, after receiving notification of the trial court's order on October 25, 2018, Petitioner was diligent in filing a notice of appeal on November 9, 2018 [19] and by filling a petition in this Court on November 30, 2018.[20] Therefore, the Court finds that equitable tolling applies in this matter. Because Petitioner is entitled to equitable tolling, the instant Petition filed on November 30, 2018[21] is well within the year that § 2244(d)(1) affords. Accordingly, the Court considers the Petition on the merits. Nonetheless, the Court finds that Petitioner is not entitled to the relief he seeks.

---

[15] *Id.* at § 2244(d)(2).
[16] *Holland v. Fla.*, 560 U.S. 631, 648, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal citations omitted).
[17] *Jones v. Lumpkin*, 22 F.4th 486 (5th Cir.), cert. denied, 143 S. Ct. 127, 214 L. Ed. 2d 36 (2022) (internal citations omitted).
[18] *See Williams v. Thaler*, 400 F. App'x 886, 892 (5th Cir. 2010) ("Our delayed notice cases demonstrate that the simple fact that a petitioner did not receive notice that the AEDPA limitations period had ceased to toll may be an extraordinary circumstance that warrants equitable tolling."); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) ("[W]e conclude that the delay in receiving notification that Phillips describes could qualify for equitable tolling.").
[19] *Thaler*, 400 F. App'x at 891 ("Williams must also demonstrate that he quickly pursued federal habeas relief after receiving delayed notice of the denial of his state habeas application.").
[20] Dkt. No. 24.
[21] *Id.*

In sum, Respondent's Motion for Summary Judgment is hereby **GRANTED**, Petitioner's Cross-Motion for Summary Judgment is hereby **DENIED**, the Petition is hereby **DENIED**, and this action is **DISMISSED**. However, a Certificate of Appealability is hereby **GRANTED** on the issue of timeliness and whether Petitioner is entitled to equitable tolling.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 15th of October, 2024.

_____
Micaela Alvarez
Senior United States District Judge